# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LAWREN FREEMAN,**

      **Plaintiff,**

**v.**                                                                                  Case No: 6:17-cv-938-Orl-31GJK

**SMARTPAY LEASING, LLC,**

      **Defendant.**

## ORDER

This matter is before the Court on the Motion to Vacate Order Referring Case to Arbitration and to Lift Stay (Doc. 16) filed by the Plaintiff, Lawren Freeman (henceforth, "Freeman"), the response in opposition (Doc. 18) filed by the Defendant, Smartpay Leasing, LLC ("Smartpay Leasing"), and the reply (Doc. 22) filed by Freeman.

In her Amended Complaint (Doc. 6), Plaintiff seeks damages for Defendant's alleged violation of the Telephone Consumer Protection Act ("TCPA"), the Fair Debt Collection Practices Act ("FDCPA") and Florida's statutory counterpart to the TCPA. On July 11, 2017, the parties filed a joint motion to stay and to refer the case to arbitration (Doc. 13), based on a binding arbitration provision (henceforth, the "Arbitration Agreement") in the lease-purchase agreement between the parties (Doc. 16-4). On July 12, 2017, the Court granted the joint motion and stayed the case pending arbitration. (Doc. 14).

The Arbitration Agreement gave Freeman the option of choosing between two arbitral fora – the American Arbitration Association ("AAA") or JAMS, the Resolution Experts ("JAMS"). (Doc. 16-4 at 4). She chose JAMS. The Arbitration Agreement required that Smartpay Leasing pay the initial arbitration fee. (Doc. 16-4 at 4). It further provided that each party would pay its

own attorney's fees and other "costs of the arbitration," unless the arbitrator were to award costs and fees to the prevailing party. (Doc. 16-4 at 4). However, JAMS's procedure for arbitration of consumer disputes requires that all but $250 of the costs be borne by the defendant – in this case, Smartpay Leasing. (Doc. 16-1 at 1). Contending that JAMS improperly classified its dispute with Freeman as a consumer dispute and that, therefore, each side should bear its own costs and fees, Smartpay Leasing refused to pay the initial filing fee. (Doc. 16-3 at 1). As a result, JAMS declined to administer the arbitration. (Doc. 16-2 at 1).

Freeman now seeks to vacate the stay and move forward with her suit in this Court. In its response, Smartpay Leasing argues that it did not refuse to arbitrate – that instead JAMS refused to hear the arbitration – and argues that the party truly at fault here is Freeman for refusing to refile the arbitration before the AAA.

The Defendant is incorrect. Having drafted an agreement requiring arbitration and designating JAMS as an acceptable forum, Smartpay Leasing was obligated to comply with JAMS's procedures[1] and to pay the initial filing fee. By refusing to pay the initial filing fee, Defendant has breached the Arbitration Agreement and waived its right to compel arbitration.[2] In addition, Section 3 of the Federal Arbitration Act ("FAA") provides that

> If any suit or proceeding be brought in any of the courts of the
> United States upon any issue referable to arbitration under an
> agreement in writing for such arbitration, the court in which such
> suit is pending, upon being satisfied that the issue involved in such

---

[1] There is no suggestion that these requirements were not in place at the time the parties entered into the lease-purchase agreement.

[2] To determine whether a party has waived its contractual right to arbitrate, courts examine (1) whether the party, under the totality of the circumstances, has acted inconsistently with the arbitration right, and (2) whether, by doing so, that party has in some way prejudiced the other party. *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1201 (11th Cir. 2011). Here, the Defendant's refusal to pay the filing fee was an action inconsistent with its arbitration right, and the resulting (and ongoing) delay has prejudiced the Plaintiff.

> suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action **until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.**

9 U.S.C. § 3 (emphasis added). Smartpay Leasing's refusal to pay caused JAMS to refuse to administer the arbitration. As such, the stay is due to be lifted, because the arbitration underlying the stay "has been had in accordance with the terms of the agreement" and because Smartpay Leasing is in default in proceeding with the arbitration. *See, e.g., Pre-Paid Legal Servs., Inc. v Cahill*, 786 F.3d 1287, 1295 (10th Cir. 2015) (finding that district court properly lifted stay where one party refused to pay its share of arbitration fee, leading arbitrator to dismiss proceedings, on grounds that arbitration had been had in accordance with terms of agreement and non-paying party was in default). It is, therefore

**ORDERED** that Motion to Vacate Order Referring Case to Arbitration and to Lift Stay (Doc. 16) is **GRANTED**. The Order referring this case to arbitration is **VACATED**, and the Clerk is directed to re-open the case.

It is further **ORDERED** that Defendant shall respond to the Amended Complaint by January 31, 2018. The parties' case management report is due February 15, 2018.

The Court reserves jurisdiction to consider sanctions against Defendant.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 18, 2018.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE