# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

LAWREN FREEMAN,

      Plaintiff,

v.

SMARTPAY LEASING, LLC,

      Defendant.

Civil Action No. 6:17-cv-00938-GAP-GJK

## DEFENDANT SMARTPAY LEASING, LLC'S
## MOTION FOR STAY PENDING APPEAL, OR IN THE
## ALTERNATIVE, MOTION FOR LEAVE TO APPEAR BY TELEPHONE

COMES NOW Defendant SMARTPAY LEASING, LLC ("SmartPay"), by and through its undersigned counsel, pursuant to Fed. R. App. P. 8(a)(1), and for its Motion for Stay Pending Appeal, or in the alternative, Motion for Leave to Appear by Telephone, states as follows:

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On or about May 24, 2017 Plaintiff filed her Complaint. The parties stipulated to arbitration, filing a Joint Motion to Stay and Refer Case to Binding Arbitration ("Joint Motion"). [Doc. 13]. This Court granted the Joint Motion on July 12, 2017 and stayed the litigation. [Doc. 14]. On August 7, 2017, Plaintiff filed a demand for arbitration with JAMS, using the form supplied by JAMS. JAMS ultimately dismissed the arbitration, because the parties' predispute arbitration provision did not align with JAMS' Consumer Minimum Standards and SmartPay declined to waive the terms of the provision. Plaintiff filed a Motion to Vacate Order Referring Case to Arbitration and to Lift Stay, as well as for Imposition of Sanctions ("Motion"). [Doc. 16]. On or about January 18, 2018 the Court granted Plaintiff's Motion. [Doc. 24].

On or about January 19, 2018, the Court ordered the parties to file their Case Management Report by February 15, 2018. Pursuant to Local Rule 3.05(c) and the form Case Management Report, the parties are to meet *in person* in the Middle District of Florida, absent an order permitting otherwise, to prepare a joint Case Management Report.

On January 31, 2018, SmartPay filed a Notice of Appeal of the Court's January 18, 2018 order. [Doc. 25].

## II. <u>ARGUMENT</u>

### A.    The Matter Should Be Stayed Pending Appeal.

The subject matter of SmartPay's appeal is the critical threshold question of whether the instant matter should be subject to arbitration or whether the matter should proceed in the District Court. If the instant matter is allowed to proceed in this Court, it will defeat the purpose of the appeal and render SmartPay's appeal moot.  The Supreme Court has explained that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Blinco v. Green Tree Servicing, LLC* (11th Cir. 2004) 366 F.3d 1249, 1251, *quoting  Griggs v. Provident Consumer Discount C*o., 459 U.S. 56, 58, 103 S.Ct. 400, 401, 74 L.Ed.2d 225 (1982).  As the Eleventh Circuit has explained with respect to motion to compel arbitration, "[t]he only aspect of the case involved in an appeal from an order denying a motion to compel arbitration is whether the case should be litigated at all in the district court.  The issue of continued litigation in the district court is not collateral to the question presented by an appeal under § 16(a)(1)(A); 'it is the mirror image of the question presented on appeal.'" *Blinco*, 366 F.3d at 1251.

Section 16 of the Federal Arbitration Act grants a party the right to file an interlocutory appeal from the denial of a motion to compel arbitration. See 9 U.S.C. § 16(a)(1)(A). By providing a party who seeks arbitration with swift access to appellate review, Congress acknowledged that one of the principal benefits of arbitration, avoiding the high costs and time involved in judicial dispute resolution, is lost if the case proceeds in both judicial and arbitral forums. *Blinco*, 366 F.3d at 1251. If the court of appeals reverses and orders the dispute arbitrated, then the costs of the litigation in the district court incurred during appellate review have been wasted and the parties must begin again in arbitration. *Id.* Accordingly, [w]hen a litigant files a motion to stay litigation in the district court pending an appeal from the denial of a motion to compel arbitration, the district court should stay the litigation so long as the appeal is non-frivolous." *Blinco*, 366 F.3d at 1253; *see also Levin v. Alms and Associates, Inc*. (4th Cir. 2011) 634 F.3d 260, 266 ("We therefore hold that an appeal on the issue of arbitrability automatically divests the district court of jurisdiction over the underlying claims and requires a stay of the action, unless the district court certifies the appeal as frivolous or forfeited."); *McCauley v. Halliburton Energy Services, Inc.* (10th Cir. 2005) 413 F.3d 1158, 1162 ("[W]e hold that the district court is divested of jurisdiction while a non-frivolous § 16(a) motion is pending."); *Bradford–Scott Data Corp. v. Physician Computer Network, Inc.,* 128 F.3d 504, 505 (7th Cir. 1997) (endorsing automatic divestiture rule, reasoning that "[c]ontinuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals").

Here, the question is slightly different – whether to keep the stay of litigation in place to allow arbitration, rather than putting an initial stay in place – but the concerns expressed by the Supreme Court, the Eleventh Circuit, and other circuits, are precisely the same. If this Court

does not stay the instant litigation pending resolution of the appeal, the appeal will effectively be rendered moot and the entire purpose of the parties' arbitration provision – to reduce costs of resolving the dispute – will have been frustrated.  Nor can there be any claim that SmartPay's appeal is frivolous.  As SmartPay argued in opposition to Plaintiff's motion to lift the stay, the law is clear that the inability or unwillingness of a dispute resolution provider identified in the parties' contract to administer the claim ***does not*** relieve a party of the obligation to arbitrate, unless choosing another forum would frustrate the essential terms of the bargain.  *See New Port Richey Medical Investors, LLC v. Stern ex rel. Petscher,* 14 So. 3d 1084 (Fla. 2d DCA 2009) (The appellate court reversed the lower court's ruling that in light of the unwillingness of AAA to administer the dispute, the defendant was relieved of the obligation to arbitrate, making clear that "the parties' arbitration agreement is not rendered invalid or unenforceable simply because the AAA is unavailable to conduct the arbitration.")

Furthermore, although this Court accepted Plaintiff's characterization of what occurred as an instance of SmartPay refusing to proceed, the record evidence shows quite clearly that prior to the JAMS' dismissal – allegedly for "nonpayment" – JAMS informed the parties ***it*** had declined to arbitrate the matter.  That fact that one hand of JAMS did not know what the other hand was doing does not alter the fact that it was JAMS that declined to proceed, and not SmartPay. SmartPay declined to waive the provisions of the parties' arbitration provision, but SmartPay is aware of no authority for the proposition that a party can be forced by either JAMS or a court to waive give up contractual rights acquired as part of valid bargain.

Accordingly, in view of the filing of the Notice of Appeal, Counsel for SmartPay requests that the matter be stayed.

**B. In The Alternative, SmartPay Should Be Granted Leave To Appear At The Status Conference Via Telephone.**

Counsel for SmartPay is not located in the Middle District of Florida[1]. If the matter is not stayed and the case management conference is not vacated, SmartPay requests permission to appear at the status conference via telephone.

## III.   CONCLUSION

For the forgoing reasons, SmartPay, respectfully requests that this Court enter an Order staying the instant action pending appeal, or in the alternative, relieving SmartPay from the in person requirement of Local Rule 3.05(c).

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned has hereby conferred with counsel for Plaintiff in a good faith attempt to resolve the issues raised by this motion. Plaintiff opposes the relief requested herein.

Respectfully submitted this 2nd day of February, 2018.

**BRYAN CAVE, LLP**
*Counsel for Defendant*
200 S. Biscayne Blvd., Ste. 400
Miami, Florida 33131
Phone: (786) 322-7500
Fax: (786) 322-7501
Email: zina.gabsi@bryancave.com

By: _____/s/ Zina Gabsi_____
       Zina Gabsi
       Florida Bar No. 73789

---

[1] Furthermore, counsel for SmartPay will be out of the country February 7, 2018 – February 11, 2018.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LAWREN FREEMAN,

     Plaintiff,

v.

SMARTPAY LEASING, LLC,

     Defendant.

Civil Action No. 6:17-cv-00938-GAP-GJK

## CERTIFICATE OF SERVICE

This is to certify that the foregoing **MOTION FOR STAY PENDING APPEAL, OR IN THE ALTERNATIVE, MOTION FOR LEAVE TO APPEAR BY TELEPHONE** has been filed via the Courts CM/ECF system, and served by e-mail on the following counsel of record:

Amanda J. Allen
William "Billy" Peerce Howard
THE CONSUMER PROTECTION FIRM
210-A MacDill Avenue
Tampa, FL 33609
Amanda@TheConsumerProtectionFirm.com
Shenia@TheConsumerProtectionFirm.com

This 2nd day of February, 2018.

    /s/ Zina Gabsi
Zina Gabsi
Florida Bar No. 073789
BRYAN CAVE LLP
200 South Biscayne Blvd., Ste 400
Miami, FL 33131
Tel: (786) 322-7500
Email: zina.gabsi@bryancave.com

*Counsel for Defendant SmartPay Leasing, Inc.*

6