UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAWREN FREEMAN,

    Plaintiff,

v.

SMARTPAY LEASING, LLC,

    Defendant.

Civil Action No. 6:17-cv-00938-GAP-GJK

**DEFENDANT SMARTPAY LEASING, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S AMENDED COMPLAINT AND COUNTERCLAIM**

Defendant SMARTPAY LEASING, LLC ("Smartpay") states as follows for its Answer and Affirmative Defenses to Plaintiff's Amended Complaint:

1. Smartpay denies the allegations in Paragraph 1 of the Amended Complaint and demands strict proof thereof.

## INTRODUCTION

2. Smartpay denies the allegations in Paragraph 2 of the Amended Complaint and demands strict proof thereof.

3. Smartpay states that the citations in Paragraph 3 speak for themselves. To the extent the allegations contained in Paragraph 3 of the Amended Complaint purport to state a legal conclusion that cannot be admitted or denied as a matter of fact, they are denied. Smartpay denies the remaining allegations in Paragraph 3 of the Amended Complaint.

4. Smartpay states that the referenced document speaks for itself. To the extent the allegations contained in Paragraph 4 of the Amended Complaint purport to state a legal

conclusion that cannot be admitted or denied as a matter of fact, they are denied. Smartpay denies the remaining allegations in Paragraph 4 of the Amended Complaint.

5. Smartpay states that the TCPA speaks for itself. To the extent the allegations contained in Paragraph 5 of the Amended Complaint purport to state a legal conclusion that cannot be admitted or denied as a matter of fact, they are denied. Smartpay denies the remaining allegations in Paragraph 5 of the Amended Complaint.

6. Smartpay states that the statute and case cited in Paragraph 6 of the Amended Complaint speak for themselves. To the extent the allegations contained in Paragraph 6 of the Amended Complaint purport to state a legal conclusion that cannot be admitted or denied as a matter of fact, they are denied. Smartpay denies the remaining allegations in Paragraph 6 of the Amended Complaint.

7. Smartpay states that the cited document speaks for itself. To the extent the allegations contained in Paragraph 7 of the Amended Complaint purport to state a legal conclusion that cannot be admitted or denied as a matter of fact, they are denied. Smartpay denies the remaining allegations in Paragraph 7 of the Amended Complaint.

8. Smartpay states that any alleged FCC findings speak for themselves. To the extent the allegations contained in Paragraph 8 of the Amended Complaint purport to state a legal conclusion that cannot be admitted or denied as a matter of fact, they are denied. Smartpay denies the remaining allegations in Paragraph 8 of the Amended Complaint.

9. Smartpay denies the allegations in Paragraph 9 of the Amended Complaint and demands strict proof thereof.

## JURISDICTION AND VENUE

10. Smartpay admits Paragraph 10 of Plaintiff's Amended Complaint for jurisdictional and venue purposes only. Smartpay denies that Plaintiff's Amended Complaint states a claim upon which relief can be granted or that Plaintiff is entitled to any relief.

11. Smartpay admits the allegations in Paragraph 11 of the Amended Complaint for venue purposes only. Smartpay denies that Plaintiff's Amended Complaint states a claim upon which relief can be granted or that Plaintiff is entitled to any relief.

## FACTUAL ALLEGATIONS[1]

11. Smartpay admits the allegations in Paragraph 11 of the Amended Complaint.

12. Smartpay lacks sufficient knowledge to admit or deny the allegations in Paragraph 12 of the Amended Complaint regarding Plaintiff's citizenship; therefore, Smartpay denies the allegations.

13. Smartpay lacks sufficient knowledge to admit or deny the allegations in Paragraph 13 of the Amended Complaint regarding Plaintiff's residency; therefore, Smartpay denies the allegations.

14. To the extent the allegations contained in Paragraph 14 of the Amended Complaint purport to state a legal conclusion that cannot be admitted or denied as a matter of fact, they are denied. Smartpay denies the remaining allegations in Paragraph 14 of the Amended Complaint.

15. To the extent the allegations contained in Paragraph 15 of the Amended Complaint purport to state a legal conclusion that cannot be admitted or denied as a matter of

---

[1] Smartpay continues to number its Answer in accordance with Plaintiff's mis-numbering for consistency.

fact, they are denied. Smartpay denies the remaining allegations in Paragraph 15 of the Amended Complaint.

16. To the extent the allegations contained in Paragraph 16 of the Amended Complaint purport to state a legal conclusion that cannot be admitted or denied as a matter of fact, they are denied. Smartpay denies the remaining allegations in Paragraph 16 of the Amended Complaint.

17. Smartpay admits the allegations in Paragraph 17 of the Amended Complaint.

18. Smartpay admits the allegations in Paragraph 18 of the Amended Complaint.

19. Smartpay denies the allegations in Paragraph 19 of the Amended Complaint and demands strict proof thereof.

20. To the extent the allegations contained in Paragraph 20 of the Amended Complaint purport to state a legal conclusion that cannot be admitted or denied as a matter of fact, they are denied. Smartpay denies the remaining allegations in Paragraph 20 of the Amended Complaint.

21. Smartpay admits the allegations in Paragraph 21 of the Amended Complaint and demands strict proof thereof.

22. Smartpay lacks sufficient knowledge to admit or deny the allegations in Paragraph 22 of the Amended Complaint; therefore, Smartpay denies the allegations.

23. Smartpay admits the allegations in Paragraph 23 of the Amended Complaint.

24. Smartpay denies the allegations in Paragraph 24 of the Amended Complaint and demands strict proof thereof.

25. Smartpay denies the allegations in Paragraph 25 of the Amended Complaint and demands strict proof thereof.

26. Smartpay denies the allegations in Paragraph 26 of the Amended Complaint and demands strict proof thereof.

27. Smartpay denies the allegations in Paragraph 27 of the Amended Complaint and demands strict proof thereof.

28. Smartpay denies the allegations in Paragraph 28 of the Amended Complaint and demands strict proof thereof.

29. Smartpay denies the allegations in Paragraph 29 of the Amended Complaint and demands strict proof thereof.

30. Smartpay admits the allegations in Paragraph 30 of the Amended Complaint.

31. Smartpay denies the allegations in Paragraph 31 of the Amended Complaint and demands strict proof thereof.

32. Smartpay denies the allegations in Paragraph 32 of the Amended Complaint and demands strict proof thereof.

33. Smartpay denies the allegations in Paragraph 33 of the Amended Complaint and demands strict proof thereof.

34. Smartpay denies the allegations in Paragraph 34 of the Amended Complaint and demands strict proof thereof.

35. Smartpay denies the allegations in Paragraph 35 of the Amended Complaint and demands strict proof thereof.

36. Smartpay admits the allegations in Paragraph 36 of the Amended Complaint.

37. Smartpay denies the allegations in Paragraph 37 of the Amended Complaint and demands strict proof thereof.

38. Smartpay denies the allegations in Paragraph 38 of the Amended Complaint and demands strict proof thereof.

39. Smartpay denies the allegations in Paragraph 39 of the Amended Complaint and demands strict proof thereof.

40. Smartpay denies the allegations in Paragraph 40 of the Amended Complaint and demands strict proof thereof.

41. Smartpay denies the allegations in Paragraph 41 of the Amended Complaint and demands strict proof thereof.

42. Smartpay denies the allegations in Paragraph 42 of the Amended Complaint and demands strict proof thereof.

43. Smartpay denies the allegations in Paragraph 43 of the Amended Complaint and demands strict proof thereof.

44. Smartpay denies the allegations in Paragraph 44 of the Amended Complaint and demands strict proof thereof.

45. Smartpay denies the allegations in Paragraph 45 of the Amended Complaint and demands strict proof thereof.

46. Smartpay denies the allegations in Paragraph 46 of the Amended Complaint and demands strict proof thereof.

47. Smartpay denies the allegations in Paragraph 47 of the Amended Complaint and demands strict proof thereof.

48. Smartpay denies the allegations in Paragraph 48 of the Amended Complaint and demands strict proof thereof.

49. Smartpay denies the allegations in Paragraph 49 of the Amended Complaint and demands strict proof thereof.

50. Smartpay denies the allegations in Paragraph 50 of the Amended Complaint and demands strict proof thereof.

51. Smartpay denies the allegations in Paragraph 51 of the Amended Complaint and demands strict proof thereof.

52. Smartpay denies the allegations in Paragraph 52 of the Amended Complaint and demands strict proof thereof.

53. Smartpay denies the allegations in Paragraph 53 of the Amended Complaint and demands strict proof thereof.

54. Smartpay denies the allegations in Paragraph 54 of the Amended Complaint and demands strict proof thereof.

55. Smartpay denies the allegations in Paragraph 55 of the Amended Complaint and demands strict proof thereof.

56. Smartpay denies the allegations in Paragraph 56 of the Amended Complaint and demands strict proof thereof.

57. Smartpay denies the allegations in Paragraph 57 of the Amended Complaint and demands strict proof thereof.

## COUNT I

58. Smartpay incorporates by reference its responses to paragraphs 1 through 57 of the Amended Complaint.

59. Smartpay denies the allegations in Paragraph 59 of the Amended Complaint and demands strict proof thereof.

60. Smartpay denies the allegations in Paragraph 60 of the Amended Complaint and demands strict proof thereof.

Smartpay denies the allegations contained in the Plaintiff's "wherefore" clause, and denies that Plaintiff is entitled to a trial by jury or to any relief against Smartpay.

Smartpay denies each and every allegation of Count I not specifically admitted to herein.

## COUNT II

61. Smartpay incorporates by reference its responses to paragraphs 1 through 57 of the Amended Complaint.

62. Smartpay admits the allegations in Paragraph 62 of the Amended Complaint.

63. Smartpay denies the allegations in Paragraph 63 of the Amended Complaint and demands strict proof thereof.

64. Smartpay denies the allegations in Paragraph 64 of the Amended Complaint and demands strict proof thereof.

65. Smartpay denies the allegations in Paragraph 65 of the Amended Complaint and demands strict proof thereof.

66. Smartpay denies the allegations in Paragraph 66 of the Amended Complaint and demands strict proof thereof.

Smartpay denies the allegations contained in the Plaintiff's "wherefore" clause, and denies that Plaintiff is entitled to a trial by jury or to any relief against Smartpay.

Smartpay denies each and every allegation of Count II not specifically admitted to herein.

## COUNT III

67. Smartpay incorporates by reference its responses to paragraphs 1 through 57 of the Amended Complaint.

68. To the extent the allegations contained in Paragraph 68 of the Amended Complaint purport to state a legal conclusion that cannot be admitted or denied as a matter of fact, they are denied. Smartpay denies the remaining allegations in Paragraph 68 of the Amended Complaint.

69. Smartpay denies the allegations in Paragraph 69 of the Amended Complaint and demands strict proof thereof.

70. Smartpay denies the allegations in Paragraph 70 of the Amended Complaint and demands strict proof thereof.

71. Smartpay denies the allegations in Paragraph 71 of the Amended Complaint and demands strict proof thereof.

Smartpay denies the allegations contained in the Plaintiff's "wherefore" clause, and denies that Plaintiff is entitled to a trial by jury or to any relief against Smartpay.

Smartpay denies each and every allegation of Count III not specifically admitted to herein.

## **AFFIRMATIVE DEFENSES**

Smartpay reserves the right to amend its Affirmative Defenses to allege further defenses that it may have against Plaintiff as additional defenses become apparent throughout the course of this litigation. Notwithstanding the foregoing and without waiving its right to assert additional defenses, Smartpay alleges the following Affirmative Defenses.

1. Plaintiff's claims fail, in whole or in part, because Plaintiff granted her prior express consent to make the alleged telephone calls to her cellular phone.

2. Plaintiff's claims fail, in whole or in part, because the parties had an established business relationship in which Plaintiff consented to the receipt of the alleged telephone calls to her cellular phone.

3. Smartpay asserts the defense of unclean hands. Freeman breached the Agreement. Any alleged telephone calls from Smartpay to Freeman were made for the sole purpose of collecting an outstanding debt due to Smartpay.

4. Smartpay states that it does not use automatic/predictive dialing technology.

5. If any violations of federal or state law occurred, which Smartpay denies, those violations were not intentional but instead resulted from a bona fide error notwithstanding maintenance procedures reasonably adopted to avoid such error.

6. At all times, Smartpay acted in good faith and without malice or intent to injury Plaintiff or to violate federal or state law.

7. Count III of Plaintiff's claims fails, in whole or in part because Smartpay is not a debt collector.

8. Plaintiff's claims fail, in whole or in part, because Plaintiff has failed to allege any injury in fact.

9. Plaintiff's claim is barred, in whole or in part, because no action or alleged failure to act on the part of Smartpay proximately caused any actual or other damages.

10. Smartpay denies that Plaintiff is entitled to damages of the nature, type, and amount sought in the Complaint, or any relief whatsoever against Smartpay.

WHEREFORE, having fully answered, Defendant SMARTPAY LEASING, LLC, respectfully requests that this Court:

(a) dismiss the Amended Complaint with prejudice;

(b) award Smartpay its reasonable attorneys' fees and costs in connection with this matter; and

(c) grant Smartpay such other and further relief as the Court finds appropriate and just.

## COUNTERCLAIM

Defendant/Counterclaim Plaintiff SMARTPAY LEASING , LLC ("Smartpay"), by and through undersigned counsel, hereby sues Plaintiff/Counterclaim Defendant LAWREN FREEMAN ("Freeman") and as causes of action alleges:

## JURISDICTION AND VENUE

1. Smartpay is a Delaware corporation with its principle place of business located in Cleveland, Ohio.

2. Lawren Freeman a/k/a Lawren Broussard ("Freeman") is a natural person, *sui juris*, and resident of Seminole County, Florida.

3. This is an action for damages that do not exceed $5,000.00 exclusive of interest, attorneys' fees and costs.

4. Venue is proper in Seminole County because the parties have agreed to section 20 of the Agreement which states that any arbitration will be conducted in the county where Freeman lives.

5. All conditions precedent to the filing of this action have occurred, are deemed waived, excused, or are otherwise satisfied.

6. The Lease-Purchase Agreement (the "Agreement") under which this action is brought provides, among other things, that the parties agree to resolve any claim or dispute through a binding arbitration.

## GENERAL ALLEGATIONS

7. On or about February 3, 2015, Smartpay and Freeman entered into a Lease-Purchase Agreement (the "Agreement") whereby in exchange for payment, Freeman would rent property as specifically set forth in the Agreement. A true and correct copy of the Agreement is attached hereto as Exhibit "A".

8. Pursuant to the Agreement, Freeman rented a Samsung Galaxy S5 (the "Property"). [Agreement, ¶ 1].

9. Freeman agreed to pay $132.91 as an Initial Payment. [Agreement, ¶ 2].

10. Freeman then agreed to pay $156.56 each month for eight (8) consecutive months in exchange for use of the Property. [Agreement, ¶ 4].

11. Failure to make a timely payment constitutes a breach of the Agreement. [Agreement, ¶ 3].

12. Upon a breach by Freeman, Smartpay has the right to immediate possession of the property. [Agreement, ¶ 13].

13. Freeman failed to make agreed upon payments.

## COUNT I: BREACH OF CONTRACT

14. Smartpay re-alleges and incorporates by reference the allegations of Paragraphs 1 – 13.

15. Freeman failed to make payment pursuant to the Agreement and has thereby breached the terms of the Agreement.

16. Freeman has failed to return the Property or to make arrangements for Smartpay to take possession of it.

17. Smartpay has fully performed under the Agreement.

18. As a result of Freeman's breach, Smartpay has suffered damages.

19. Smartpay has engaged the law firm of Bryan Cave Leighton Paisner LLP to represent it and has agreed to pay said firm a reasonable fee for its services and is entitled to recover its fees pursuant to the Agreement between the parties.

WHEREFORE, Smartpay requests this Court enter judgment against Freeman for damages, charges, interest, attorneys' fees and costs and such further relief as the Court may deem just and proper.

## COUNT II: UNJUST ENRICHMENT

20. Smartpay re-alleges and incorporates by reference the allegations of Paragraphs 1 – 13.

21. If Smartpay does not prevail on its legal remedies such as its claim for breach of contract, Smartpay lacks an adequate remedy at law.

22. Smartpay delivered the Property to Freeman and has therefore conferred a benefit on Freeman.

23. Freeman knew or should have known that she was required to either pay for or return the property to Smartpay.

24. Freeman failed to pay for the Property delivered by Smartpay and has also failed to return the Property to Smartpay.

25. Freeman accepted and retains the conferred benefit.

26. It would be inequitable for Freeman to maintain possession of the Property without paying for it.

WHEREFORE, Smartpay requests this Court enter judgment against Freeman for damages and for the reasonable value of the property, interest at the legal rate, costs, attorneys' fees and such further relief as the Court may deem just and proper.

Dated this 21st day of June, 2019.

                                      **BRYAN CAVE LEIGHTON PAISNER LLP**
*Counsel for Defendant*
200 S. Biscayne Blvd., Ste. 400
Miami, Florida 33131
Phone: (786) 322-7500
Fax: (786) 322-7501
Email: zina.gabsi@bclplaw.com

By: \_\_\_/s/ Zina Gabsi_____
      Zina Gabsi
      Florida Bar No. 73789

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| LAWREN FREEMAN,<br><br>    Plaintiff,<br><br>v.<br><br>SMARTPAY LEASING, LLC,<br><br>    Defendant. | Civil Action No. 6:17-cv-00938-GAP-GJK |

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM** has been filed via the Courts CM/ECF system, and served by e-mail on the following counsel of record:

Amanda J. Allen
William "Billy" Peerce Howard
THE CONSUMER PROTECTION FIRM
210-A MacDill Avenue
Tampa, FL 33609
Amanda@TheConsumerProtectionFirm.com
Shenia@TheConsumerProtectionFirm.com

This 21st day of June, 2019

 /s/ Zina Gabsi
Zina Gabsi
Florida Bar No. 073789
BRYAN CAVE LEIGHTON PAISNER LLP
200 South Biscayne Blvd., Ste 400
Miami, FL 33131
Tel: (786) 322-7500
Email: zina.gabsi@bclplaw.com

*Counsel for Defendant SmartPay Leasing, Inc.*