**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LAWREN FREEMAN,

    Plaintiff,

vs.

                                  CASE NO.:  6:17-cv-00938-GAP-GJK

SMARTPAY LEASING, LLC,

    Defendant.

---

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM FOR LACK OF SUBJECT MATTER JURISDICTION AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW, Plaintiff, Lawren Freeman ("Plaintiff"), by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b) moves this Court for an order dismissing the Counterclaim filed by Defendant, SmartPay Leasing, LLC ("Defendant"), for lack of subject-matter jurisdiction, and in support thereof states as follows:

**I.   Introduction**

Defendant's Counterclaim should be dismissed because this Court does not have subject-matter jurisdiction over Defendant's state law breach of contract counterclaim against Ms. Freeman.  At the outset it is important to note that based on the jurisdictional allegations in the Counterclaim itself, Defendant fails to demonstrate that their breach of contract and unjust enrichment claims belong *anywhere* other than arbitration or a Small Claims Court. If the Court were to assume, arguendo, that Defendant intended to invoke supplemental jurisdiction under 28 U.S.C. § 1367, this Court would still not have subject matter jurisdiction as Defendant's Counterclaim is only peripherally related to Plaintiff's claims and would likely predominate over her federal question cause of action. Here, Plaintiff's Complaint alleges that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer

Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA") for placing telephone calls to her cellular telephone using an automatic telephone dialing system without her express consent. Ms. Freeman's TCPA and FCCPA claims require substantially different evidence and legal arguments than Defendant's breach of contract counterclaim. Accordingly, Defendant' Counterclaim will most likely predominate over Plaintiff's TCPA and FCCPA claims. As such, Defendant's counterclaim's superficial or tangential relation to Ms. Freeman's TCPA and FCCPA claims fails to establish supplemental jurisdiction.

Further, the Middle District of Florida has recently dismissed other creditors' counterclaims under similar facts and procedural history present before the Court today.[1] *See Haire v. Tampa Truck Driving School, Inc.* 8:18-cv-711-T-26MAP, 2018 WL 2763305 (M.D. Fla. June 8, 2018) (dismissing counterclaim for lack of subject matter jurisdiction in case alleging TCPA and FCCPA claims); *Della Vecchia v. Ally Financial, Inc.*, No. 8:17–cv–2977–T–23AAS, 2018 WL 907045 at *2 (M.D. Fla. Feb. 2, 2018) (determining that the Court did not have original nor supplemental jurisdiction over Defendant's counterclaim for state law breach of contract against the consumer plaintiff when the consumer plaintiff's complaint alleged that Defendant called him in violation of the TCPA and FCCPA); *See Vernell v. Ally Financial, Inc., et. al.*, No. 2:15-cv-674-FtM- 38MRM, 2016 WL 931104, at *4 (M.D. Fla. Mar. 11, 2016) (same). The Court should thereby dismiss Defendant's Counterclaim for lack of subject-matter jurisdiction.

---

[1] Courts outside the Middle District of Florida have also dismissed creditor counterclaims similar to the one at issue. *See, e.g., Ensz v. Chase Bank USA NA*, No. 18-CV-2065-CJW-MAR, 2019 WL 136982, at *4 (N.D. Iowa Jan. 7, 2019); *Tilley v. Ally Fin., Inc.*, No. 16-CV-14056, 2018 WL 1535413, at *1 (E.D. Mich. Mar. 29, 2018) ("Tilley's TCPA claim arises out of the (alleged) facts that Ally used an automated device to call her repeatedly without her consent. Ally's counterclaim, in contrast, derives from the (alleged) facts that Tilley failed to fulfill her payment obligations to Ally. The nuclei of facts from which the respective claims arise are thus distinct, and, accordingly, this Court lacks supplemental jurisdiction over Ally's counterclaim."); *Riazi v. Ally Financial, Inc.*, 2017 WL 4260847 (E.D. Mo. Sept. 26, 2017) (Hamilton, J.); *Ginwright v. Exeter Fin. Corp.*, 2016 WL 5867443 (D. Md. Oct. 6, 2016) (Chuang, J.); *Ramsey v. Gen. Motors Fin. Co., Inc.*, 2015 WL 6396000 (M.D. Tenn. Oct. 22, 2015) (Campbell, J.);

II.     **Factual and Procedural History**

1.      In 2017, Plaintiff filed a Complaint and an Amended Complaint in this Court (Docs. 1 & 6).

2.      The Defendant, SmartPay Leasing, LLC, made a demand that the Plaintiff bring her claim in arbitration, and Plaintiff agreed. The Court entered an Order to stay the case and refer it to Arbitration on June 12, 2017. (Doc. 14)

3.      Following Defendant's failure to pay the arbitration fee outline in the Arbitration Agreement (Doc.16-4) this Court entered an Order (Doc. 24) granting Plaintiff's Motion to Lift the Stay (Doc. 16) on January 18, 2018.

4.      Defendant filed a Notice of Appeal of this Court's decision to lift the stay (Doc. 25).

5.      The Eleventh Circuit affirmed this Court's decision (Doc. 39) and remanded the matter.

6.      On June 21, 2019, Defendant filed their Answer and Affirmative Defenses to Plaintiff's Amended Complaint and Counterclaim. (Doc. 42)

7.      Defendant's counterclaim alleges that Ms. Freeman breached a contract between the parties for failing to make regular payments pursuant to the Lease-Purchase Agreement. *See* Doc. 42, pp. 11-13, ("Defendant's Counterclaim").

8.      Defendant's Counterclaim is permissive in nature, and otherwise fails to retain any independent basis for this Court's jurisdiction.

9.      Defendant's Counterclaim fails to invoke federal question ("original") jurisdiction conferred upon this Court under 28 U.S.C. § 1331.

    **10.**    Defendant's Counterclaim presumably intended to invoke supplemental jurisdiction under 28 U.S.C. § 1367.

    **11.**    However, Defendant's Counterclaim arises under a largely different set of facts and requires different legal analysis than Plaintiff's TCPA and FCCPA claims.

    **12.**    Defendant's Counterclaim thereby only tangentially or superficially relates to Ms. Freeman's TCPA claim and further is not part of the same case or controversy as Plaintiff's TCPA claim.

    **13.**    Additionally, this Court may decline to exercise supplemental jurisdiction over Defendant's Counterclaim where Defendant's Counterclaim substantially predominates over Plaintiff's original jurisdiction claims.

    **14.**    Accordingly, this Court lacks subject matter jurisdiction over Defendant's Counterclaim, which must be dismissed from the instant action.

**III.**    **<u>Memorandum of Law</u>**

Defendant's Counterclaim should be dismissed because this Court lacks subject matter jurisdiction over Defendant's cause of action contained therein. Plaintiff's Complaint alleges that Defendant violated the TCPA and the FCCPA by using an automatic telephone dialing system or an artificial or prerecorded voice to call Ms. Freeman's cellular telephone after she expressly revoked consent for Defendant to place calls to her cellular telephone, and by communicating with Plaintiff with such frequency as can reasonably be expected to harass the debtor or her family. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." It is undisputed that the Court has federal question jurisdiction over Plaintiff's TCPA cause of action and supplemental jurisdiction over Plaintiff's FCCPA cause of action. *See Mims*

*v. Arrow Fin. Services, LLC*, 565 U.S. 368, 387 (2012) (holding that the district courts have federal question jurisdiction over private TCPA claims).

Here, Defendant's Counterclaim includes two Florida state law breach of contract causes of action pursuant to an alleged breach of contract and unjust enrichment for failure to make payments pursuant to the Agreement. Defendant's Counterclaim fails to assert that this Court has supplemental jurisdiction to adjudicate Defendant's Counterclaim.

1. **Motion to Dismiss Standard**

Federal Courts are "courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and [federal] statute[s]." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to Fed. R. Civ. P. 12(h)(3), "[i]f the court determines **at any time** that it lacks subject-matter jurisdiction, the court must dismiss the action." (emphasis added). A motion to dismiss under Fed. R. Civ. P. 12(b)(1) "may be treated as either a facial or factual challenge." When reviewing a challenge to the legal sufficiency of a claim – a facial challenge – the Court must only consider the allegations of the complaint. On the other hand, factual challenges may warrant a Court's review of matters outside the pleadings. *See Vernell*, 2016 WL 931104, at *2 (citing *McMaster v. United States*, 177 F.3d 936, 940 (11th Cir. 1999)). The Eleventh Circuit has ruled that "[i]n response to a factual attack, a court should dismiss the complaint for lack of subject matter jurisdiction where the federal claim is clearly immaterial or insubstantial." *Vernell*, 2016 WL 931104, at *1.

Whether a facial or a factual challenge, the Court must always dismiss a case at any time once it determines that it lacks subject matter jurisdiction regardless of the status of the proceedings, and facts outside the pleadings may be considered as a part of that determination. *See Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001).

### 2. The Court does not have Subject Matter Jurisdiction over Defendant's Counterclaim.

A federal district court may have original jurisdiction over a claim or controversy pursuant to either 28 U.S.C. § 1331 or 28 U.S.C. § 1367. Pursuant to 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Speidel v. Am. Honda Fin. Corp.*, No. 2:14- cv-19-FTM-38CM, 2014 WL 820703, at *1 (M.D. Fla. Mar. 3, 2014). Pursuant to 28 U.S.C. § 1367(a), a district court may have supplemental jurisdiction to hear certain claims to the "full extent allowed by the case or controversy standard of Article III of the Constitution." *Scott v. A&Z Gen. Cleaning Servs., Inc.*, No. 6:11-cv-848-ORL-28, 2011 WL 3516075 at*1-2 (M.D. Fla. July 18, 2011) (internal citations omitted). The constitutional "case or controversy" standard confers jurisdiction over all claims that arise out of a common nucleus of operative facts with the federal claim. *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742-43 (11th Cir. 2006) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)).

Notably, the Middle District has already dismissed a creditor defendant's counterclaim in a similar set of facts and procedural history. In *Haire*, 2018 WL 2763305, the consumer plaintiff entered into a retail installment contract with the creditor defendant. The consumer plaintiff allegedly defaulted on the tuition contract to the creditor defendant for failure to pay the tuition for truck driving school. The defendant then began placing calls using an automatic telephone dialing system to the consumer plaintiff's cellular telephone in attempts to collect the alleged debt after the consumer plaintiff demanded that defendant's calls cease. The consumer plaintiff filed a complaint against the defendant, alleging that the defendant violated the TCPA and FCCPA for calls placed to the consumer plaintiff's cellular telephone. In response, defendant filed its answer, affirmative defenses, and counterclaim for state-law breach of contract against the consumer

plaintiff for plaintiff's alleged default of the tuition contract. The consumer plaintiff moved the Court to dismiss the defendant's counterclaim for lack of subject-matter jurisdiction because the defendant's counterclaim would substantially predominate over the consumer plaintiff's TCPA claim. The Court granted the consumer plaintiff's motion to dismiss, finding that the Court did not have subject-matter jurisdiction under 28 U.S.C. § 1331 or supplemental jurisdiction under 28 U.S.C. § 1367 and holding that the Court "aligns itself with recent cases that have declined to exercise supplemental jurisdiction where a counterclaim seeks the enforcement of the very debt that was the subject of the alleged unlawful calls under the TCPA." *Haire,* 2018 WL 2763305 at *2.

Here, Ms. Freeman entered into a Lease-Purchase Agreement with Defendant. Ms. Freeman allegedly defaulted on an amount owed under the Agreement and owed Defendant a debt thereunder. Defendant began placing calls using an automatic telephone dialing system to Plaintiff's cellular telephone in attempts to collect the alleged debt after Ms. Freeman demanded that Defendant's calls cease. In response, Defendant filed its Counterclaim for state-law breach of contract and unjust enrichment for Ms. Freeman's alleged default of the contract. Defendant's Counterclaim not only fails to cite to the Supplemental Jurisdiction Statute, but more importantly fails to assert a "common nucleus of operative facts" with Plaintiff's TCPA and FCCPA claims. Instead, Defendant's counterclaim will largely require different evidence than the TCPA claim. Specifically, Plaintiff's TCPA and FCCPA claims will require evidence such as Ms. Freeman's cellular telephone records, evidence of Defendant's use of an ATDS in placing calls to Ms. Freeman's cellular telephone, and evidence of Plaintiff's revocation of consent to be calls by Defendant. Accordingly, the Court should dismiss Defendant's Counterclaim for lack of subject-matter jurisdiction.

### 3.   Defendant's Counterclaim is Permissive and would Predominate over Ms. Freeman's Complaint.

Although this Court has original jurisdiction over Plaintiff's TCPA claim under 28 U.S.C. § 1331, it cannot exercise supplemental jurisdiction over Defendant's permissive state law claim. Counterclaims are divided into either compulsory or permissive claims under Fed. R. Civ. P. 13. Courts automatically have supplemental jurisdiction over compulsory counterclaims. *Scott*, 2011 WL 3516075, at *1-2. When a counterclaim is permissive, however, the counterclaim requires an independent basis for jurisdiction – the permissive counterclaim requires either federal question jurisdiction under 28 U.S.C. § 1331 (under which Defendant's Counterclaim here fails because it does not meet federal question jurisdiction, nor does it meet the "diversity" and "amount in controversy" of $75,000.00 requirements thereunder) or proper supplemental jurisdiction under 28 U.S.C. § 1367.

A counterclaim for breach of contract is a permissive counterclaim. *Dayhoff v. Wells Fargo Hom Morg., Inc.*, No. 6:13-cv-1132-ORL-37, 2014 WL 466151, at *2 (M.D. Fla. Feb. 5, 2014) (holding that defendant's foreclosure and breach of note counterclaim was a permissive counterclaim at best); *Hunt v. 21st Mort. Corp.*, No. 2:12-cv-381-RDP, 2012 WL 39032783, at *3 (N.D. Ala. Sept. 7, 2012) (holding that debt collection counterclaim was permissive, not compulsory).

Supplemental jurisdiction over a permissive counterclaim may be declined if "(1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. *Thomas v. Commercial Recovery Sys., Inc.*, No. 807-cv-1104-T-23MAP, 2008 WL 906770, at *1 (M.D. Fla. Apr. 1, 2008). Here, Defendant's

Counterclaim for breach of contract does not raise a new or complex issue of state law and Ms. Freeman's federal claim has not been dismissed.

Accordingly, "[t]he applicable factors are the second and the fourth – whether the counterclaim for breach of contract predominates over the TCPA claim and whether exceptional circumstances exist." *Haire*, 2018 WL 2763305, at *2. Courts in this district, and elsewhere, have held that a permissive breach of contract counterclaim will predominate over a TCPA claim, precluding supplemental jurisdiction. *See, Haire, supra; see also Della Vecchia*, 2018 WL 907045, at *1 (stating that "[T]he more fact-intensive breach of contract counterclaim, which may involve analysis of whether [the defendant] followed state law requirements…, is likely to substantially predominate over the TCPA claim.") *citing Vernell*; *Vernell*, 2016 WL 931104, at *3-4 (holding that "[b]ecause the Counterclaim will most likely predominate over [p]laintiff's TCPA claim, the Court declines to take supplemental jurisdiction over Ally's Counterclaim. Thus dismissal under § 1367(c)(2) is warranted."); *Dayhoff*, 2014 WL 466151, at *2 (citing *Campos v. W. Dental Servs., Inc.*, 404 F.Supp.2d 1164, 1170-71 (N.D. Cal. 2005) (declining to exercise supplemental jurisdiction over debt collection counterclaim)); *Randall v. Nelson & Kennard*, No. cv-09-387-PHX-LOA, 2009 WL 2710141, AT *6 (D. Az. Aug. 26, 2009) (same); *Moore v. Old Canal Fin. Corp.*, No. cv05-205-S-EJL, 2006 WL 851114, at*4 (D. Idaho Mar. 29, 20016)(same).

In addition to the fact that counterclaim will predominate over a TCPA claim, many courts in this district and across the country have taken the opportunity to note, even *if* the court did have supplement jurisdiction over creditor counterclaims in TCPA actions, "the most powerful and convincing reason to decline supplemental jurisdiction in consumer protection cases lies in the reasoning of the district court in *Ammons*:

> Federal consumer protection statutes seek to protect consumers from unscrupulous practices regardless of whether a valid debt actually exists….Permitting the collection

of an underlying debt by way of a counterclaim in a plaintiff's federal TCPA action creates the risk of a chilling effect on...bringing a TCPA action....[I]f the Court were to exercise supplemental jurisdiction over counterclaims for collection of the underlying debt involved in the TCPA claims, prospective plaintiffs would potentially be discouraged from bringing forth meritorious TCPA claims for fear of such counterclaims. ...[A]sserting supplemental jurisdiction over [the] state law counterclaim would undermine the remedial purpose of the TCPA and its goals of protecting consumers from unwanted automated calls to cell phones – even for debt collection purposes – that annoy and invade privacy."

*Haire,* 2018 WL 2763305, at *2; *citing Ammons v. Ally Fin., Inc.*, 305 F. Supp. 3d 818, 824 (M.D. Tenn. 2018). *See also*, *Riazi v. Ally Fin., Inc.*, No. 4:17CV1705JCH, 2017 WL 4260847, at *6 (E.D. Mo. Sept. 26, 2017) ("the Court's asserting supplemental jurisdiction over Ally's breach of contract counterclaim would clearly undermine the remedial purpose of the TCPA and its goal of protecting consumers from unwanted automated telephone calls and of "curbing calls that are a nuisance and invasion of privacy.")(internal citations omitted); *Watkins v. Synchrony Bank*, No. 4:15-CV-00842, 2015 WL 5178134, at *5 (M.D. Pa. Sept. 4, 2015) ("[…] exercise of supplemental jurisdiction over Defendant's breach of contract counterclaim would likely frustrate the federal policy of deterring automated telephone calls embodied within the TCPA […], prospective plaintiffs would potentially be discouraged from bringing forth meritorious TCPA claims for fear of such counterclaims.")

### 4. There is No Logical Relationship Between Ms. Freeman's TCPA Claim and Defendant's State Law Breach of Contract Counterclaim.

No logical relationship exists between Defendant's state law breach of contract counterclaim and Ms. Freeman's TCPA claim where the claims do not rely on the same operative facts. Specifically, Defendant's Counterclaim alleging breach of a state law contract between Ms. Freeman and Defendant (where the operative facts are whether a valid contract exists between the parties, and whether there was a material breach that resulted in the alleged damages) bears

no logical relationship to whether or not Ms. Freeman can show that Defendant violated the TCPA (where the operative facts are whether non-emergency calls were made to Plaintiff using an automatic telephone dialing system, and whether those calls were without Plaintiff's prior express consent).

Defendant's Counterclaim fails to meet the threshold of a logical relationship where separate trials on the respective claims would not involve substantial duplication of effort, in that the operative facts and evidence necessary to support Ms. Freeman's TCPA claim is wholly distinct from the operative facts and evidence necessary to support Defendant's state law breach of contract Counterclaim. Further, where the alleged contract would have been formed *prior* to the alleged TCPA violations, as opposed to resulting therefrom, Defendant's Counterclaim does not arise out of the transaction or occurrence that is the subject matter of Ms. Freeman's TCPA claim. Such a distinction is discussed in *Vernell v. Ally Financial, Inc., et. al.*, No. 2:15-cv-674-FtM-38MRM, 2016 WL 931104, at *4 (M.D. Fla. Mar. 11, 2016), which similarly involved a TCPA claim and state law breach of contract counterclaim and wherein the Court dismissed the Counterclaim for lack of subject matter jurisdiction. Identical to the state law breach of contract Counterclaim in *Vernell*, Defendant's state law breach of contract Counterclaim is permissive in nature and does not otherwise "arise out of a common nucleus of operative fact with a substantial federal claim." Defendant's Counterclaim is only tangentially related to Plaintiff's TCPA claim such that Defendant's Counterclaim does not form part of the same case or controversy; thus, this Court cannot exercise supplemental jurisdiction over Defendant's Counterclaim, the same result reached in *Haire.*

## IV. <u>Conclusion</u>

The Court lacks subject-matter jurisdiction over Defendant's Counterclaim because Defendant's Counterclaim will most likely predominate over Ms. Freeman's TCPA claim and involves largely different factual assertions and legal arguments than the TCPA claim, precluding the Court from exercising supplemental jurisdiction over Defendant's Counterclaim pursuant to 28 U.S.C. § 1367. Accordingly, Defendant's Counterclaim should be dismissed.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an order dismissing Defendant's permissive Counterclaim for state law breach of contract and provide Plaintiff such other and further relief this Court deems just and equitable under the premise.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on July 12, 2019, a true copy of the foregoing was filed with the Clerk of the Court and served on the parties of record using the CM/ECF system.

Respectfully submitted,

*/s/Amanda J. Allen*
**Amanda J. Allen, Esq.**
Florida Bar No. 0989258
William "Billy" Peerce Howard, Esq.
Florida Bar No. 0103330
THE CONSUMER PROTECTION FIRM, PLLC
4030 Henderson Blvd
Tampa, FL 33629
Telephone: (813) 500-1500
Facsimile: (813) 435-2369
Amanda@TheConsumerProtectionFirm.com
Billy@TheConsumerProtectionFirm.com
*Attorney for Plaintiff*