# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LAWREN FREEMAN,**

    **Plaintiff,**

**v.**                                                                    Case No: 6:17-cv-938-Orl-31GJK

**SMARTPAY LEASING LLC,**

    **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss Counterclaim (Doc. 48) filed by the Plaintiff, Lawren Freeman (henceforth, "Freeman"), and the response in opposition (Doc. 49) filed by the Defendant, Smartpay Leasing LLC ("Smartpay").

Some time after Freeman leased a phone from Smartpay, Smartpay began contacting her by phone, attempting to collect a debt. In her Amended Complaint (Doc. 6), Freeman alleges that these phone calls violated, *inter alia*, the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* Smartpay has filed an answer containing two state-law counterclaims: one for breach of contract and another for unjust enrichment. (Doc. 42 at 12-13). By way of the instant motion, Freeman seeks dismissal of the counterclaims on the grounds that his Court lacks subject matter jurisdiction over them.

Smartpay's counterclaims are permissive rather than compulsory under Federal Rule of Civil Procedure 13(a) as they do not arise from the same transactions or occurrences that gave rise to Freeman's claim. More specifically, Smartpay's counterclaims arise from the phone lease, while Freeman's claims arise from the debt-collection calls. A federal court cannot consider a permissive counterclaim unless the counterclaimant asserts an independent jurisdictional basis.

*East-Bibb Twiggs Neighborhood Ass'n v. Macon Bibb Planning & Zoning Comm'n*, 888 F.2d 1576, 1578 (11th Cir. 1989). *See also* 6 Charles Alan Wright et al, *Federal Practice & Procedure* § 1422 (3d ed. 2019). Smartpay has not asserted any such jurisdictional basis for these state-law counterclaims. Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss Counterclaim (Doc. 48) is **GRANTED**, and Smartpay Leasing's counterclaims are **DISMISSED** due to lack of subject matter jurisdiction.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 1, 2019.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE