UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| LAWREN FREEMAN,<br><br>    Plaintiff,<br><br>v.<br><br>SMARTPAY LEASING, LLC,<br><br>    Defendant. | Civil Action No. 6:17-cv-00938-GAP-GJK |

**SMARTPAY'S MOTION FOR LEAVE TO FILE AMENDED
COUNTERCLAIM AND INCORPORATED MEMORANDUM OF LAW**

Defendant, SMARTPAY LEASING, LLC ("SmartPay"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 15(a)(2), hereby submits its Motion for Leave to File Amended Counterclaim[1] and in support thereof, states as follows:

**BACKGROUND**

This action arises out of Plaintiff Lawren Freeman's ("Freeman") claims that Defendant SmartPay Leasing, LLC ("SmartPay") violated the Telephone Consumer Protection Act ("TCPA"), Florida Consumer Collection Practices Act ("FCCPA") and the Fair Debt Collection Practices Act ("FDCPA") by calling Freeman using an automatic telephone dialing system ("ATDS") after she allegedly revoked her consent to be called. [*See generally,* Doc. 11[2]].

---

[1] This Motion is timely pursuant to the Court's Case Management and Scheduling Order ("Case Management Order"). [Doc. 46].

[2] Freeman's Amended Complaint

Freeman admits that said telephone calls related to an attempt to collect a debt from her. [*Id*., ¶ 23].

SmartPay filed an answer denying Freeman's claims and asserting that Freeman consented to be called on her mobile telephone under the terms of the Lease Agreement which gives rise to the debt which SmartPay was attempting to collect. [*See generally,* Doc. 42[3]]. At the same time, SmartPay filed counterclaims asserting that Freeman breached the Lease Agreement by failing to either make agreed upon payments in exchange for the use of a Samsung Galaxy S5 or return to phone to SmartPay (the "Counterclaim"). *Id*. There is no dispute that Freeman entered into the Lease Agreement with SmartPay and in fact, Freeman previously agreed to arbitration pursuant to the express terms of said Lease Agreement. [Doc. 48, ¶ 2[4]].

Freeman moved to dismiss the Counterclaim filed by SmartPay, arguing that the Court should decline to exercise supplemental jurisdiction over the claims because SmartPay failed to express allege the basis for jurisdiction and because the Counterclaim would predominate over Freeman's claims under the TCPA, FDCPA and FCCPA. [Doc. 48].[5]

---

[3] SmartPay's Answer, Affirmative Defenses and Counterclaim

[4] Freeman's Motion to Dismiss

[5] The Court's Case Management Order issued on June 28, 2019 provides that "[b]efore filing any motion …, the moving party shall confer with the opposing party in a good faith effort to resolve the issues raised by the motion and shall file with the motion a statement certifying that the moving party has conferred with the opposing party and that the parties have been unable to agree on the resolution of the motion" [Doc. 46]  Although the Order clarifies that a certification is not required for motions to dismiss *a class action* or *for failure to state a claim*, by its terms, the Order requires a party moving to dismiss for lack of jurisdiction to confer in advance with opposing counsel and to submit a certification attesting to same.  Furthermore, the Order goes on to provide that even with respect to motions to dismiss for failure to state a claim, the Court "expects" that the moving party will confer and "will agree to an order permitting the filing of a curative amended pleading." [Doc. 46, §II(A)].  On July 12, 2019, Freeman filed her motion to dismiss SmartPay's counterclaim for lack of jurisdiction without conferring with SmartPay's counsel or indeed providing any notice at all. [Doc. 48].  Had Freeman conferred with SmartPay

SmartPay argued in response that the breach of the Lease Agreement and the telephone calls which arose from that breach are so intertwined as to warrant this Court exercising supplemental jurisdiction over the Counterclaim. [Doc. 49]. SmartPay conceded that its counterclaim was permissive; however, SmartPay argued that the Court can properly exercise supplemental jurisdiction over the Counterclaim pursuant to 28 USC §1367(a) and should do so here. *Id*.

The Court granted Freeman's Motion to Dismiss, but did so on grounds cited by neither Freeman nor SmartPay. The Court instead relied upon the blanket rule articulated in *East-Bibb Twiggs Neighborhood Ass'n v. Macon Bibb Planning & Zoning Comm'n*, 888 F.2d 1576, 1578 (11th Cir. 1989), holding that "[a] federal court cannot consider a permissive counterclaim unless the counterclaimant asserts an independent jurisdictional basis." [Doc. 50]. As explained below, the decision in *East-Bibb* is no longer good law following Congress' enactment of §1367, as recognized by district courts in this circuit and at least three other Courts of Appeal. Thus, the Court's prior order dismissing SmartPay's Counterclaim should not preclude SmartPay's motion for leave to amend here.

In view of the Court's order,[6] SmartPay now moves for leave to amend its Counterclaim on the grounds that §1367(a) allows this Court to exercise jurisdiction over such claim and that the failure to do so would result in a wasteful multiplication of litigation which serves the

---

prior to filing her motion, SmartPay would have readily agreed to amend its counterclaim to more particularly specify the basis for jurisdiction (12 USC §1367(a)), and to expressly allege a common nucleus of operative facts, likely avoiding the unnecessary drain on judicial resources occasioned by Freeman's motion and now, this subsequent motion for leave to amend. SmartPay should now be afforded the opportunity to address Freeman's concern, which the Case Management Order was designed to provide, by amending its counterclaim to allege a common nucleus of operative facts sufficient to confer jurisdiction under §1367(a).

[6] The order does not state whether the dismissal is with or without prejudice.

interests of neither the parties nor the courts.  A proposed First Amended Counterclaim is attached hereto as Exhibit "A".

## ARGUMENT

### A. Leave to Amend Should be Freely Granted

Federal Rule of Civil Procedure 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires." *Women's Choice Pharmaceuticals, LLC v. Method Pharmaceuticals, LLC*, No. 0:15-cv-61437-WPD, 2016 WL 8738641, at *1 (S.D. Fla. Aug. 9, 2016) (quoting Fed. R. Civ. P. 15(a)(2)). "The decision to grant or deny leave to amend lies within the sound discretion of the district court." *Id*. (citation omitted).  However, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion" *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits." *Id.* Leave to amend the complaint should only be denied when the amendment would be futile, the amendment would cause undue prejudice to the opposing party, in instances of undue delay, bad faith or dilatory motive on the part of the movant, or repeated failure to cure deficiencies by amendments previously allowed. *Id.* In the absence of these reasons, leave should be "freely given." *Id.* Moreover, when facts are already known or available to both sides, the inclusion of a claim based on those facts does not prejudice the non-moving party. *Papp Telcom v. Am. Sharecom, Inc.,* 210 F.3d 928, 943 (8th Cir. 2000).

This is SmartPay's first request for leave to amend. Furthermore, as initial disclosures were just exchanged on or about August 5, 2019[7], discovery is in its early stages, and no summary judgment motion has been filed. Accordingly, allowance of the proposed amendment will not prejudice Freeman in any way. SmartPay has moved promptly for leave following the Court's order dismissing the Counterclaim.  Thus, SmartPay cannot be said to have been dilatory in seeking leave.  Finally, as explained more fully below, the proposed amendment would not be futile, as this Court is authorized to exercise supplemental jurisdiction over SmartPay's counterclaim under §1367(a).

**B.  Amendment Would Not Be Futile.**

By its order of August 1, 2019, this Court dismissed SmartPay's counterclaim, holding that it was not compulsory (i.e. did not arise from the same transaction) and did not allege an independent basis for jurisdiction (i.e., diversity, federal question or admiralty).  In so holding, the Court relied upon *East Bibb*, a pre-§1367 decision in which the court held that all non-compulsory counterclaims must have an independent basis for jurisdiction.  Although the 11th Circuit has not yet revisited this issue following the enactment of §1367, appellate courts that have examined this issue have uniformly determined that the blanket "independent basis" rule articulated in *East Bibb* and relied upon by this Court in dismissing SmartPay's Counterclaim is no longer good law.  Thus, in *Global NAPs, Inc. v. Verizon New England Inc.* (1st Cir. 2010) 603 F.3d 71, 76, the First Circuit stated:

> In an issue of first impression for this court, we hold that 28 U.S.C. § 1367, enacted in 1990, gives federal courts supplemental jurisdiction over both compulsory and at least some permissive counterclaims. This alters this circuit's former rule, adopted before the enactment of § 1367, that required permissive counterclaims to have an independent basis for jurisdiction.

---

[7] SmartPay notes that Freeman served written discovery and noticed a deposition prior to the exchange of initial disclosures.

Similarly, in *Jones v. Ford Motor Credit Co.* (2d Cir. 2004) 358 F.3d 205, 213, the Second Circuit stated that:

> We share the view that section 1367 has displaced, rather than codified, whatever validity inhered in the earlier view that a permissive counterclaim requires independent jurisdiction (in the sense of federal question or diversity jurisdiction).

And in *Channell v. Citicorp Nat. Services, Inc.* (7th Cir. 1996) 89 F.3d 379, 385, the Seventh Circuit court "concluded that §1367 has extended the scope of supplemental jurisdiction, as the statute's language says, to the limits of Article III—which means that "[a] loose factual connection between the claims" can be enough…."

Following the lead of these appellate courts, other courts in this circuit have similarly recognized that the blanket "independent basis" rule of *East Bibb* has been abrogated by the enactment of §1367. For example, in *James D. Hinson Elec. Contracting Co., Inc. v. Bellsouth Telecommunications Inc.*, No. 3:07-cv-598-J-32MCR, 2011 WL 2448911 (M.D. Fla. March 28, 2011), this Court has recognized that "§1367 supersedes case law in supplemental jurisdiction that had distinguished between compulsory and permissive counterclaims." *Id.* at *2, citing *Global NAPS, Inc. v. Verizon New England, Inc.*, 603 F.3d 71, 87 (1st Cir. 2010). Another district court in this circuit held in *Bakewell v. Federal Financial Group, Inc.*, No 1:04-cv-3538-JOF, 2006 WL 739807 (N.D. Ga. March 2, 2006) that the "standard for asserting supplemental jurisdiction is broader than the standard for determining a counterclaim to be compulsory." *Id*. at *3 (emphasis added). The *Bakewell* court further explained that a counterclaim must "arise out of the transaction or occurrence that is the subject matter of the opposing party's claim" to be considered compulsory; whereas a counterclaim must only be "related to claims in the action to fall under the supplemental jurisdiction umbrella." *Id; see also Skypoint Advisors, LLC. v. 3 Amigos Productions LLC*. (M.D. Fla., July 25, 2019, No. 218CV356FTM29MRM) 2019 WL

3343933, at *8 (distinguishing between diversity jurisdiction and supplemental jurisdiction under §1367(a) and exercising supplemental jurisdiction because state law claims "so related to" federal claim). Yet another court in this circuit has expressly questioned the continued validity of *East Bibb,* stating:

> Those courts that have considered the issue of whether a court has jurisdiction over permissive counterclaims following the 1990 enactment of § 1367 generally have held that a permissive counterclaim may be considered even if the district court does not have an independent basis for jurisdiction if the counterclaim is part of the same case or controversy. [citations]. As a result, it appears that *Bibb* may no longer be good law following the enactment of § 1367.[8]

*Berry v. Lewis Trucking & Grading* (N.D. Ga., Mar. 23, 2007, No. 1:06-CV-0041-JEC/AJB) 2007 WL 9701930, at *8. The court in *Barr v. Hagan* (M.D. Ala. 2004) 322 F.Supp.2d 1280, 1284 did likewise, explaining:

> At least two circuit courts have held that § 1367 does away with the blanket rule that permissive counterclaims must have an independent jurisdictional basis; these courts have held that federal courts must now refer to the language of § 1367 to determine whether a counterclaim forms "part of the same case or controversy" as the original claim.

*Id. See also Campos v. Western Dental Services, Inc.,* 404 F. Supp. 2d 1164 (N.D. Cal. 2005) (because Fair Debt Collection Practices Act claims "so relate to" breach of contract claims, supplemental jurisdiction exists under §1367(a)); *Frisby v. Keith D. Weiner & Associates Co., LPA*, 669 F. Supp. 2d 863 (N.D. Ohio 2009) (former employer's counterclaim for payment of a promissory note was part of the same case or controversy as the former employee's overtime-wage claims, and thus the district court had discretion to exercise supplemental jurisdiction over the counterclaim, regardless of whether the claim was compulsory or permissive). It is thus clear that the basis cited by this Court in its August 1, 2019 Order for concluding that it lacks

---

[8] *Berry* ultimately declined to decide whether *East Bibb* remained good law because the counterclaim was not sufficiently related to the original claim to merit resolution of the issue.

jurisdiction over SmartPay's counterclaim is no longer good law.  As a result, neither the Court's Order nor the decision upon which it is based precludes the requested amendment, nor renders SmartPay's motion for leave to amend futile.

Pursuant to § 1367(a), this Court may exercise supplemental jurisdiction over SmartPay's Counterclaim if it "forms part of the same case or controversy as the plaintiff's claims." *James D. Hinson Elec. Contracting Co., Inc.*, 2011 WL 2448911, at *2. "The constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative facts with a substantial federal claim." *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997). "In deciding whether a state law claim is part of the same case or controversy as a federal issue, we look to whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." *James D. Hinson Elec. Contracting Co., Inc.*, 2011 WL 2448911 at *2 *citing Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996). This Court has specifically held that a TCPA claim and a counterclaim for breach of contract generally "arise from a common nucleus of operative fact, the Plaintiff's debt." *Vernell*, 2016 WL 931104 at *3. This Court has also acknowledged that FDCPA and FCCPA claims with a corresponding breach of contract counterclaim similarly "arise from a common nucleus of operative fact, the plaintiff's debt." *Thomas v. Commercial Recovery Sys., Inc.*, No. 8:07-cv-1104-T-23MAP, 2008 WL 906770, *1 (M.D. Fla. April 1, 2008).

Here, SmartPay's Counterclaim arises from and would involve the same facts, witnesses and evidence as Freeman's claims. Freeman entered into the Lease Agreement with SmartPay whereby she rented a Samsung Galaxy S5. [Doc. 42, ¶ 8 and Ex. 1]. Pursuant to the Lease Agreement, Freeman was required to pay $132.91 as an initial payment and an additional $156.56 each month for eight consecutive months in exchange for use of the Samsung Galaxy

S5. [Doc. 42, ¶¶ 9-10 and Ex. 1]. In the event payment was not made pursuant to said Lease Agreement, SmartPay has the right to immediate possession of the property. [Doc. 42, ¶¶ 11-12 and Ex. 1]. Upon breach of said Lease Agreement, SmartPay attempted to collect on the debt by attempting to contact Freeman via telephone. These telephone calls, that would not have occurred but for Freeman's breach of the Lease Agreement, form the basis of Freeman's claim. Furthermore, SmartPay will show at trial that Freeman consented to be contacted by telephone under that same Lease Agreement. Therefore, the case will already require evidence of the formation and validity of the Lease Agreement. The only additional evidence that will need to be introduced is Freeman's short payment history.[9] Finally, the key witnesses to both Freeman's claim and SmartPay's Counterclaim are Freeman and SmartPay.[10]

The proposed amended counterclaim attached as Exhibit "A" alleges a common nucleus of operative fact and a clear basis for jurisdiction and should be permitted to be filed. See e.g., *Women's Choice Pharmaceuticals*, 2016 WL 8738641 at *1-2 (granting defendant's motion to amend where motion was filed within the deadline for said motion, no summary judgment motion was currently pending, plaintiff would not be prejudiced, and amendment was not futile). Had Freeman complied with the Court's Scheduling Order by conferring with SmartPay in advance of filing her motion to dismiss -- and as the Court "expects," agreed to a curative amendment – the Court and parties could have avoided not only her motion but this subsequent motion or leave to amend. Indeed, the Court's order flatly states that "The Court will deny motions that fail to include an appropriate, complete Rule 3.01(g) certificate." Thus, Freeman's motion to dismiss would have properly been subject to a summary denial, alleviating the need for this motion. Although the damage already done by Freeman's failure to comply with the Court's

order cannot be undone, the Court can remedy that harm by now permitting SmartPay to make the requested curative amendment so that the parties can proceed to addressing the merits of the parties' claims.

## CONCLUSION

WHEREFORE, Defendant, SMARTPAY LEASING, LLC, respectfully requests this Court enter an Order granting its Motion for Leave to File Amended Counterclaim, awarding SMARTPAY LEASING, LLC its reasonable attorneys' fees and costs in connection with this motion, and granting SMARTPAY LEASING, LLC such other further relief as the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that she has conferred with opposing counsel and opposing counsel is opposed to the relief sought herein.

Dated this 9th day of August, 2019.

**BRYAN CAVE LEIGHTON PAISNER LLP**
*Counsel for Defendant*
200 S. Biscayne Blvd., Ste. 400
Miami, Florida 33131
Phone: (786) 322-7500
Fax: (786) 322-7501
Email: zina.gabsi@bclplaw.com

By: ____/s/ Zina Gabsi_____
     Zina Gabsi
     Florida Bar No. 73789

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| LAWREN FREEMAN,<br><br>    Plaintiff,<br><br>v.<br><br>SMARTPAY LEASING, LLC,<br><br>    Defendant. | Civil Action No. 6:17-cv-00938-GAP-GJK |

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing **SMARTPAY'S MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIM** has been served by e-mail on the following counsel of record:

Amanda J. Allen
William "Billy" Peerce Howard
THE CONSUMER PROTECTION FIRM
210-A MacDill Avenue
Tampa, FL 33609
Amanda@TheConsumerProtectionFirm.com
Shenia@TheConsumerProtectionFirm.com

This 9th day of August, 2019

                       /s/ Zina Gabsi
                       Zina Gabsi
                       Florida Bar No. 073789
                       BRYAN CAVE LEIGHTON PAISNER LLP
                       200 South Biscayne Blvd., Ste 400
                       Miami, FL 33131
                       Tel: (786) 322-7500
                       Email: zina.gabsi@bclplaw.com

*Counsel for Defendant SmartPay Leasing, Inc.*