UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAWREN FREEMAN,

    Plaintiff,

vs.                                      CASE NO.:  6:17-cv-00938-GAP-GJK

SMARTPAY LEASING, LLC,

    Defendant.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIM [DOC. 52]**

COMES NOW Plaintiff, Lawren Freeman, and submits her Response in Opposition to Defendant's Motion for Leave to File Amended Counterclaim [Doc. 52]. For the reasons contained herein, Plaintiff respectfully requests this Honorable Court deny the Defendant's Motion.

### I. Introduction

The Court should deny Defendant's Motion as futile. As discussed in detail in Plaintiff's Motion to Dismiss [Doc. 48] **even if** Defendant had properly plead supplemental jurisdiction under 28 U.S.C. § 1367 at the outset, this Court would still have no subject matter jurisdiction. *See generally* [Doc. 48]. This District has routinely found that creditors' counterclaims, nearly identical to those brought by SmartPay in their proposed amendment, are only peripherally related to Plaintiff's claims and would predominate over her federal question cause of action.[1] *See Haire*

---

[1] Courts outside the Middle District of Florida have also dismissed creditor counterclaims similar to the one at issue. *See, e.g.*, *Ensz v. Chase Bank USA NA*, No. 18-CV-2065-CJW-MAR, 2019 WL 136982, at *4 (N.D. Iowa Jan. 7, 2019); *Tilley v. Ally Fin., Inc.*, No. 16-CV-14056, 2018 WL 1535413, at *1 (E.D. Mich. Mar. 29, 2018) ("Tilley's TCPA claim arises out of the (alleged) facts that Ally used an automated device to call her repeatedly without her consent. Ally's counterclaim, in contrast, derives from the (alleged) facts that Tilley failed to fulfill her payment obligations to Ally. The nuclei of facts from which the respective claims arise are thus distinct, and, accordingly, this Court lacks supplemental jurisdiction over Ally's counterclaim."); *Riazi v. Ally Financial, Inc.*, 2017 WL 4260847

*v. Tampa Truck Driving School, Inc.* 8:18-cv-711-T-26MAP, 2018 WL 2763305 (M.D. Fla. June 8, 2018) (dismissing counterclaim for lack of subject matter jurisdiction in case alleging TCPA and FCCPA claims); *Della Vecchia v. Ally Financial, Inc.*, No. 8:17–cv–2977–T–23AAS, 2018 WL 907045 at *2 (M.D. Fla. Feb. 2, 2018) (determining that the Court had neither original nor supplemental jurisdiction over Defendant's counterclaim for state law breach of contract against the consumer plaintiff when the consumer plaintiff's complaint alleged that Defendant called him in violation of the TCPA and FCCPA); *See Vernell v. Ally Financial, Inc., et. al.*, No. 2:15-cv-674-FtM- 38MRM, 2016 WL 931104, at *4 (M.D. Fla. Mar. 11, 2016) (same).

## II.  Memorandum of Law

Defendant's Motion for Leave to file an amended Counterclaim should be denied because the Court has already rejected SmartPay's arguments in favor of the Court exercising supplemental jurisdiction. Additionally, SmartPay's arguments with regard to the Court's reliance on *East-Bibb Twiggs Neighborhood Ass'n v. Macon Bibb Planning & Zoning Comm'n*, 888 F.2d 1576, 1578 (11th Cir. 1989) are misplaced. As such, even if the Court allowed the proposed amendment, the Court would be faced with the same issue it has already ruled upon based upon the arguments previously litigated in Plaintiff's Motion [Doc. 48].

### 1.  Defendant Is Essentially Seeking a Reconsideration

Defendant's Motion for Leave fails to explain, or even address, the fact that SmartPay neglected to raise the arguments outlined in their request for leave to amend when responding to Plaintiff's Motion to Dismiss. Absent from Defendant's Opposition [Doc. 49] is any mention of Local Rule 3.01(g) or any argument that "(h)ad Freeman conferred with SmartPay […] SmartPay would have readily agreed to amend its counterclaim […], likely avoiding the unnecessary drain

---

(E.D. Mo. Sept. 26, 2017) (Hamilton, J.); *Ginwright v. Exeter Fin. Corp.*, 2016 WL 5867443 (D. Md. Oct. 6, 2016) (Chuang, J.); *Ramsey v. Gen. Motors Fin. Co., Inc.*, 2015 WL 6396000 (M.D. Tenn. Oct. 22, 2015) (Campbell, J.);

on judicial resources." [Doc. 52, n.5]. This selective omission may leave one to question if this is an "instance of undue delay, bad faith or dilatory motive on the part of the movant." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Moreover, in arguing that the amendment is not futile, Defendant relies on the exact cases and arguments the Court found unpersuasive in their Opposition. *See* [Doc. 49, at 5] compared to [Doc. 52, at 8]. Defendant's Motion should be treated as a Motion for Reconsideration, yet fails to meet the burden for such a request.

"Reconsideration of an Order is generally only appropriate to (1) account for an intervening change in controlling law; (2) consider newly available evidence; or (3) correct clear error or prevent manifest injustice." *Accredited Home Lenders, Inc. v. Santos*, No. 6:10-cv-858-Orl-35, 2010 WL 4642557, *1 (M.D. Fla. July 1, 2010). Reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002); *Strubel ex rel. Strubel v. Hartford Ins. Co. of the Midwest*, No. 8:09-CV-01858-T-17, 2010 WL 2985654, at *2 (M.D. Fla. July 26, 2010). "In order to demonstrate clear error, the party must do more than simply restate his previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." *O'Neill v. Home Depot U.S.A., Inc.*, 243 F.R.D. 469, 483 (S.D. Fla. 2006); see *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F.Supp. 1561, 1563 (S.D. Fla. 1992) (stating that a motion for reconsideration "should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made[.]"). "The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision." *Carter v. Premier Rest. Mgmt.*, No. 2:06-CV-212-FTM-99-DNF, 2006 WL 2620302 (M.D. Fla. Sept. 13, 2006).

Defendant's Motion for Leave to Amend, is such in name only. Instead, Defendant seeks reconsideration of the Court's Order dismissing the Defendant's counter-claim, and does so by (1) rehashing arguments already made and (2) raising arguments which Defendant failed to raise in their Response in Opposition, and are therefore deemed waived.

2. **The Eleventh Circuit has Not Reversed *East-Bibb Twiggs*.**

Defendant's Motion goes to great lengths to attack the Court's reliance on *East-Bibb Twiggs Neighborhood Ass'n v. Macon Bibb Planning & Zoning Comm'n*, 888 F.2d 1576, 1578 (11th Cir. 1989). However, while Defendant was able to present some authority from district courts and other circuits, declining to follow an *East-Bibb Twiggs* approach to § 1367 jurisdiction, the Eleventh Circuit has not expressly over-turned the *East-Bibb Twiggs* opinion. Therefore, the Court's reliance on *East-Bibb Twiggs Neighborhood Ass'n v. Macon Bibb Planning & Zoning Comm'n*, was not improper. In fact, numerous courts through out this circuit continue to rely on *East-Bibb Twiggs*. *See Jenkins v. Equifax Info. Servs., LLC*, No. 1:18-CV-5183-CC-JSA, 2019 WL 2323558, at *2 (N.D. Ga. May 24, 2019); *Barrios v. S. & Caribbean Agencies, Inc.*, No. 18-21550-CIV, 2019 WL 341178, at *3 (S.D. Fla. Jan. 28, 2019); *Hunters Run Prop. Owners Ass'n, Inc. v. Centerline Real Estate, LLC*, No. 18-80407-CIV, 2018 WL 6727315, at *8 (S.D. Fla. Dec. 22, 2018); *Denoncour v. Barrett's of S.W. Fla., Inc.*, No. 216-CV-205-FTM-99MRM, 2016 WL 6524392, at *1 (M.D. Fla. Nov. 3, 2016). Lastly, even if *East-Bibb Twiggs* was no longer good law in the Eleventh Circuit, the proposed amendment is futile for the reasons set forth in the plethora of case law cited in Plaintiff's Motion. *See generally* [Doc. 48].

3. **The Amendment would be Futile.**

Plaintiff's Motion to Dismiss explained that even assuming Defendant sought to invoke supplemental jurisdiction under 28 U.S.C. § 1367, this Court would still not have subject matter

4

jurisdiction. [Doc. 48, at 1]. Defendant's proposed amendment does not change that fact.[2] Most notably, Defendant's counterclaims remain permissive in nature and continue to predominate over Ms. Freeman's TCPA, FDCPA and FCCPA claims. *Dayhoff v. Wells Fargo Hom Morg., Inc.*, No. 6:13-cv-1132-ORL-37, 2014 WL 466151, at *2 (M.D. Fla. Feb. 5, 2014) (holding that defendant's foreclosure and breach of note counterclaim was a permissive counterclaim at best); *Hunt v. 21st Mort. Corp.*, No. 2:12-cv-381-RDP, 2012 WL 39032783, at *3 (N.D. Ala. Sept. 7, 2012) (holding that debt collection counterclaim was permissive, not compulsory). Courts in this district, and elsewhere, have held that a permissive breach of contract counterclaim will predominate over a TCPA claim, precluding supplemental jurisdiction.[3] As the proposed amendment remains permissive and would predominate over Ms. Freeman's Complaint, the requested amendment should be denied.

Further, Defendant's proposed amendment does not assert a "common nucleus of operative facts" with Plaintiff's TCPA and FCCPA claims. See *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742-43 (11th Cir. 2006) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)). The fact remains, Defendant's counterclaim will largely require different evidence than the TCPA claim. [Doc. 48, at 7]. Accordingly, the amendment would be futile.

---

[2] In addition to the fact that counterclaim will predominate over a TCPA claim, many courts in this district and across the country have taken the opportunity to note, even *if* the court did have supplement jurisdiction over creditor counterclaims in TCPA actions, exercising "supplemental jurisdiction over the state law counterclaims would undermine the remedial purpose of the TCPA and its goal of protecting consumers." *Haire,* 2018 WL 2763305, at *2; citing *Ammons v. Ally Fin., Inc.*, 305 F. Supp. 3d 818, 824 (M.D. Tenn. 2018).

[3] *See, Haire, supra; see also Della Vecchia*, 2018 WL 907045, at *1, *Vernell*, 2016 WL 931104, at *3-4, *Dayhoff*, 2014 WL 466151, at *2, *Randall v. Nelson & Kennard*, No. cv-09-387-PHX-LOA, 2009 WL 2710141, AT *6 (D. Az. Aug. 26, 2009); *Moore v. Old Canal Fin. Corp.*, No. cv05-205-S-EJL, 2006 WL 851114, at*4 (D. Idaho Mar. 29, 20016)(same).

### III.  Conclusion

Defendant's "second bite of the apple" with regards to its counterclaim, faces the same hurdles and short-comings it did in July. The Court continues to lack subject-matter jurisdiction because Defendant's Counterclaim will most likely predominate over Ms. Freeman's TCPA claim and involves largely different factual assertions and legal arguments than the TCPA claim, precluding the Court from exercising supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Accordingly, Defendant's Motion for Leave should be denied.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an Order denying Defendant's Motion for Leave, awarding Plaintiff its reasonable attorney's fees and costs in connection with this Response and provide Plaintiff such other further relief this Court deems just and equitable under the premise.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 23, 2019, a true copy of the foregoing was filed with the Clerk of the Court and served on the parties of record using the CM/ECF system.

Respectfully submitted,

*/s/Amanda J. Allen*
**Amanda J. Allen, Esq.**
Florida Bar No. 0989258
William "Billy" Peerce Howard, Esq.
Florida Bar No. 0103330
THE CONSUMER PROTECTION FIRM, PLLC
4030 Henderson Blvd
Tampa, FL 33629
Telephone: (813) 500-1500
Facsimile: (813) 435-2369
Amanda@TheConsumerProtectionFirm.com
Billy@TheConsumerProtectionFirm.com
*Attorney for Plaintiff*